UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY LACROIX, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-617-DRL |
| NANCY MARTHAKIS and TIFFANY TURNER, | |
| Defendants. | |

OPINION AND ORDER

Terry LaCroix, a prisoner without a lawyer, moves the court for reconsideration from its order granting summary judgment in favor of the defendants. ECF 87. The court granted summary judgment in favor of the defendants because there was no evidence either defendant was deliberately indifferent to Mr. LaCroix's arm injury. ECF 85. Specifically, the court concluded (1) Nurse Turner was not deliberately indifferent because there was no evidence she was aware Mr. LaCroix required treatment for his arm injury, and (2) Dr. Marthakis was not deliberately indifferent because she provided Mr. LaCroix constitutionally adequate treatment for his arm injury by prescribing pain medication, referring him for x-rays and to an orthopedist, and following the orthopedist's recommendations. *Id.* at 5-9.

In his motion for reconsideration, Mr. LaCroix argues the court erred in granting summary judgment because he provided evidence that both defendants were deliberately indifferent. ECF 87. Regarding Dr. Marthakis, Mr. LaCroix reiterates his

argument that Dr. Marthakis was deliberately indifferent for failing to send him for a follow-up appointment with an orthopedist. *Id.* at 3-4. But the court already considered and rejected this argument in its order granting summary judgment. ECF 85 at 8-9; *see Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments"). Regarding Nurse Turner, Mr. LaCroix reiterates his argument that Nurse Turner was aware he required treatment for his arm because the injury was obvious and he informed medical staff of the injury. ECF 87 at 1-2. But, again, the court already considered and rejected this argument in its order granting summary judgment. ECF 85 at 5-6; *see Caisse Nationale de Credit Agricole*, 90 F.3d at 1270.

Mr. LaCroix also argues for the first time that Nurse Turner was aware of his arm injury because he told her directly that he needed treatment for his arm. ECF 87 at 2-3. But this does not state a valid basis for reconsideration because Mr. LaCroix could have raised this argument in his response to the summary judgment motion. *See King v. Ford Motor Co.*, 872 F.3d 833, 838–39 (7th Cir. 2017) (arguments which "could have been submitted along with [the] response to the motion for summary judgment [are] not properly presented for the first time in a motion for reconsideration"). Specifically, Nurse Turner argued in her summary judgment motion that she did not have sufficient personal involvement because she was not aware of Mr. LaCroix's arm injury, and Mr. LaCroix responded that Nurse Turner was aware of his arm injury because he was "begging & crying for *anyone* to help him," without saying whether he directly informed Nurse

2

Turner of his arm injury. ECF 74-2 at 19-20 (emphasis added). Therefore, he cannot now raise this argument for the first time on reconsideration. *See King*, 872 F.3d at 838–39.

Accordingly, because Mr. LaCroix provides only arguments that he raised or could have raised in his response to the summary judgment motion, he has not provided any argument that warrants reconsideration of the court's order granting summary judgment in favor of the defendants. For these reasons, the motion for reconsideration (ECF 87) is DENIED.

SO ORDERED.

October 2, 2024                           *s/ Damon R. Leichty*
                                          Judge, United States District Court